# EXHIBIT 1

Exhibit 1

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information　　　　　　02/23/2021 1:34 PM

**Court :** 141　　**Case :** 323054　　[Search]　[New Search]　☐ Show Service Documents ONLY

**Cause Number :** 141-323054-21　　　　　　　　　　　　**Date Filed :** 01-22-2021

KAREN LAEMMLIN　**| VS |**　KROGER TEXAS, L.P.

**Cause of Action :** INJURY OR DAMAGE, PREMISES
**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 01-22-2021 | PLTF'S ORIG PET | | N | $289.00 | |
| 01-22-2021 | PAYMENT RECEIVED trans #1 | | Y | | $289.00 |
| 01-22-2021 | CIT-ISSUED ON KROGER TEXAS LP-On 01/25/2021 | | N　Svc | $8.00 | |
| 01-22-2021 | PAYMENT RECEIVED trans #3 | | Y | | $8.00 |
| 01-22-2021 | REQ FOR CIT (EMAIL TO ATTY)-FWD TO DOCPROD | | | | $0.00 |
| 02-23-2021 | DEFNS ORIG ANS | | | | $0.00 |

# EXHIBIT 2

Exhibit 2



# Notice of Service of Process

null / ALL
Transmittal Number: 22708615
Date Processed: 02/04/2021

| | |
|---|---|
| Primary Contact: | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| Entity: | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| Entity Served: | Kroger Texas LP |
| Title of Action: | Karen Laemmlin vs. Kroger Texas, L.P. |
| Matter Name/ID: | Karen Laemmlin vs. Kroger Texas, L.P. (10923335) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Personal Injury |
| Court/Agency: | Tarrant County District Court, TX |
| Case/Reference No: | 141-323054-21 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 02/03/2021 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Julie Wolf<br>972-338-4477 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**CITATION**                                           Cause No. 141-323054-21

KAREN LAEMMLIN
VS.
KROGER TEXAS, L.P.

**TO: KROGER TEXAS LP**

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX 78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 141st District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

KAREN LAEMMLIN

Filed in said Court on January 22nd, 2021 Against
KROGER TEXAS LP

For suit, said suit being numbered 141-323054-21 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

JULIE WOLF
Attorney for KAREN LAEMMLIN Phone No. (972)338-4477
Address     12222 MERIT DR STE 1200 DALLAS, TX 75251

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 25th day of January, 2021.

By _____Natalie Thigpen_____
                NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 01/25/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *14132305421000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____, within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                                      County of _____, State of _____

## CITATION

Cause No. 141-323054-21

KAREN LAEMMLIN

VS.

KROGER TEXAS, L.P.



ISSUED

This 25th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By    NATALIE THIGPEN Deputy

---

JULIE WOLF
Attorney for: KAREN LAEMMLIN
Phone No. (972)338-4477
ADDRESS: 12222 MERIT DR STE 1200

DALLAS, TX 75251

## CIVIL LAW



*14132305421000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

|  |  |  |
|---|---|---|
|  |  | FILED<br>TARRANT COUNTY<br>1/22/2021 11:53 AM<br>THOMAS A. WILDER<br>DISTRICT CLERK |

CAUSE NO. 141-323054-21 _____

| KAREN LAEMMLIN,<br>*Plaintiff*, | § § § | IN THE DISTRICT COURT |
|---|---|---|
| v. | § § | \_\_\_\_ JUDICIAL DISTRICT |
| KROGER TEXAS, L.P.<br>*Defendant.* | § § § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Karen Laemmlin, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against Kroger Texas, L.P. (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.   TEXAS RULE 47 DAMAGES STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is $250,000.00 to $1,000,000.00.

Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.   PARTIES AND SERVICE

Plaintiff is a resident of Tarrant County, Texas.

Defendant Kroger Texas, L.P. (hereinafter referred to as "Kroger") is a company doing

business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporated located at 211 E. 7th Street Suite 620, Austin, Texas 78701. **Issuance of citation is requested at this time.**

### III.   JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in the State of Texas.

### IV.   VENUE

Venue is proper in Tarrant County, Texas, pursuant to 15.002 (3) of the Texas Civil Practice and Remedies Code, because the events giving rise the cause of action occurred in Tarrant, County.

### V.   FACTS

At all times relevant, Defendant was the possessor in control of the Kroger Store located at 3015 Bowen in Arlington, Texas. (hereinafter referred to as the "premises").

On or about February 22, 2019, Plaintiff was entering the Kroger store, when she was hit by grocery carts that were being pushed by a Kroger employee.

### VI.   NEGLIGENCE OF DEFENDANT

Defendant was the owner, operator, or in control of Kroger store located in Arlington, Texas. Kroger's employee was acting in the course and scope of employment for Defendant Kroger. Plaintiff was in invitee at the time of the injury because she was a customer at the Kroger store. Since the business was open to the general public, Defendant extended an invitation to Plaintiff to shop at the Kroger store.

Plaintiff would show the Court that in the context of a negligent activity case, Defendant,

through its employee, was conducting an ongoing activity on the premises, wherein Plaintiff was injured. Specifically, Defendant, through its employee, ran into Plaintiff with grocery shopping carts.

Defendant had a duty to use ordinary care to protect Plaintiff from unreasonably dangerous ongoing activities and Defendant breached that duty when it actively hit Plaintiff with shopping carts. Defendant's actions caused the Plaintiff's injury and resulting damages. As a direct and proximate result of these and other acts and omissions, whether taken singularly or in any combination, Plaintiff was injured when Defendant negligently breached its duties to Plaintiff. Said breach resulted in the Plaintiff sustaining damages more fully described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and disabling injuries, mental and physical functioning, and disfigurement, for which Plaintiff required extensive medical treatment and has incurred medical bills. Plaintiff also suffered severe physical and mental pain, suffering, physical and mental impairment, disfigurement, depression, physical and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctors', and medical expenses. There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time, and other damages which Plaintiff has incurred due to Defendant's conduct.

## VIII. NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

a. All reasonable and necessary past medical expenses;
b. A sum for future medical expenses and treatment;
c. Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;
d. Monetary damages for future physical pain and suffering and mental anguish;
e. Past and future physical impairment as determined by a jury;
f. Past and future disfigurement;
g. Costs of Court;
h. Pre-judgment interest on all damages awarded at the highest legal rate;
i. Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and
j. Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**Wolf Law, PLLC**

By: /s/ Julie Wolf
Julie Wolf
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240

CERTIFIED MAIL

7020 2450 0000 2120 4621

US POSTAGE
$07.65
First-Class
Mailed From 75240
01/26/2021
032A 0061855100

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

# EXHIBIT 3

Exhibit 3

141-323054-21

FILED
TARRANT COUNTY
2/23/2021 11:37 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-323054-21

| | | |
|---|---|---|
| KAREN LAEMMLIN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 141st DISTRICT COURT |
| | § | |
| KROGER TEXAS, L.P. | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Kroger Texas L.P. ("Defendant") files its Original Answer, and, in support thereof, would respectfully show the Court as follows:

**I.
GENERAL DENIAL**

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**II.
DEFENSES**

1. To the extent that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's damages, if any, such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages, if any.

2. To the extent that Plaintiff's damages or injuries, if any, were caused by the acts or omissions of third persons not under the control of Defendant, such acts or omissions of said

third persons were the sole and/or a producing and/or a proximate cause of Plaintiff's alleged damages or injuries, if any.

3. To the extent that Plaintiff's alleged damages, if any, are the result of pre-existing or subsequent injuries, accidents or conditions, said pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's alleged damages.

4. Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

5. To the extent that Plaintiff is malingering and exaggerating the nature and severity of her injuries in order to continue treatment and/or inflate damages, said treatment is not medically necessary or reasonable.

6. Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

7. Defendant is entitled to a credit and/or offset against any judgment that may be rendered against it for any and all amounts paid to or on behalf of Plaintiff, under any of Defendant's benefit/insurance programs, including, but not limited to, the Kroger Texas Occupational Injury or Disease Benefits Plan.

8. Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

9. Defendant states that, in the unlikely event an adverse judgment would be rendered against it in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

10. Defendant further asserts the limitations on exemplary damages outlined in Tex. Civ. Prac. & Rem. Code Chapter 41.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P. respectfully prays that Plaintiff take nothing by this cause of action and that Defendant be permitted to recover the costs expended on its behalf. Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

*/s/ Jack Ormond*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Jack Ormond**
State Bar No. 24037217
jormond@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)
**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I certify that this document was served on counsel of record pursuant to the Texas Rules of Civil Procedure on February 23, 2021 using e-file.

*/s/ Jack Ormond*
Jack Ormond